[639 NYS2d 636]

In the Matter of DOUGLAS W. RHODES, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 8, 1996

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Andrea E. Tomaino* of counsel), for petitioner.

*David R. Pfalzgraf,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on June 25, 1992 and practices law in Buffalo. The Grievance Committee filed a petition charging respondent with one count of misconduct and respondent filed an answer admitting the factual allegations and setting forth matters in mitigation.

The petition alleges that respondent was retained to represent a seller in connection with the buyers' default in performing the provisions of a land contract. The defaulting parties agreed to a settlement pursuant to which they gave respondent a check for $2,386, as payment for his fee, the back payments owed to his client pursuant to the contract, unpaid property taxes, and the water bill. Upon cashing that check, respondent deposited $1,000 into his personal checking account, paid his client the amount owed for back payments, deducted his fee, and obtained a money order for the balance and placed it in his file. According to respondent, the balance of the funds was owed to him for other legal services. He admits, however, that he failed to pay the property taxes and water bill and that he did not remit the balance of the funds due his client until after the client filed a complaint with the Grievance Committee.

In mitigation, respondent has submitted evidence that he suffered from depression during the period in which the misconduct occurred. In addition, we note his youth and inexperience. We further note that he was a sole practitioner without an office, and that he did not maintain a trust account or a business account because of his belief that he soon would be hired by a law firm. We also note that respondent submitted evidence that the client who filed the complaint owed him over $2,000 for previously rendered legal services. However, the fact that the client owed respondent the money is no excuse for his misconduct. Accordingly, respondent should be censured.

PINE, J. P., LAWTON, WESLEY, BALIO and DAVIS, JJ., concur.

Order of censure entered.